IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02811-RPM-MEH

DEBRA ROMAN,

    Plaintiff,

v.

DENVER COMMERCIAL BUILDERS, INC., d/b/a DCB Construction Company, Inc.,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint and Jury Demand [filed March 27, 2009; docket #10]. The matter is referred to this Court. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint and Jury Demand.

**I.   Background**

Plaintiff requests permission to amend her Complaint to add an additional defendant. The current operative pleading alleges sex discrimination, age discrimination, and retaliation by Defendant Denver Commercial Builders ("DCB") against Plaintiff in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Colorado's employment discrimination statute, C.R.S. § 24-34-402. (*See* docket #1-2.) Plaintiff seeks to join Systems Contractors, Inc., ("Systems") to this action because Plaintiff believes that as "the two entities were operated virtually as one business," Systems should also be held liable for the assertions against

Defendant DCB.

In its response, Defendant DCB argues Plaintiff's relief requested is futile. DCB states Plaintiff failed to exhaust administrative remedies by naming only DCB and not Systems in Plaintiff's prior Equal Employment Opportunity Commission ("EEOC") proceedings, thereby precluding a proper exercise of subject matter jurisdiction. Defendant asserts Plaintiff fails the "identity of interest" test established by the Tenth Circuit which would excuse this procedural shortcoming.

In her reply, Plaintiff reiterates her belief that the facts of this matter represent an identity of interest between DCB and Systems. In support of this contention, Plaintiff describes how "the companies shared many of the same administrative and management employees and resources," thereby satisfying the Tenth Circuit's designated exception to the general rule that a named defendant must have also been named in the preceding EEOC charge. Plaintiff further describes how the facts of this case satisfy the four-factored "identity of interest" test.

**II.     Discussion**

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,

he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182. Denying a motion to amend is proper "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992) (citing *Foman*, 371 U.S. at 182).

Plaintiff's motion implicates not only Rule 15(a), but also Rule 20(a)(2) which permits joinder of defendants in a single action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (2009). When making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *MDM Group Assocs., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, at *4 (D. Colo. July 14, 2008) (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

**III.     Analysis**

The Scheduling Order in this matter set the deadline to amend pleadings at May 12, 2009; therefore, Plaintiff's motion is timely. (Docket #9 at 10.) As stated, leave to amend should be freely granted, unless delay, prejudice, bad faith, deficiency, or futility is established. Futility due to lack of subject matter jurisdiction constitutes the crux of Defendant's argument against Plaintiff's joinder and amendment, based on the uncontested fact that Plaintiff did not name Systems as a defendant during the requisite Title VII proceedings before bringing the suit at hand.

Generally, a plaintiff must file a charge against a party with the EEOC before the plaintiff can sue the party under Title VII. *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999) (citing 42 U.S.C. § 2000e-5(f)(1)). The *Knowlton* Court identified the purpose of this requirement as ensuring notice of the charge for a defendant as well as an opportunity for conciliation facilitated by the EEOC. *Id*. Plaintiff in this matter represents to the Court that "because of the entwined nature of DCB and Systems [sic] businesses and Ms. Roman's relationship with the companies, she did not believe that she needed to explicitly included Systems in her EEOC charge." (Docket #17 at 6.) Plaintiff asserts satisfaction of the test articulated by the Tenth Circuit for excusing such failure. The Tenth Circuit determined, "a Title VII action may proceed against a defendant not named in the EEOC charge when 'there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge.'" *Knowlton*, 189 F.3d at 1185 (citations omitted). In evaluating an "identity of interest," the Tenth Circuit described the following four factors:

> (1) whether the role of the unnamed party could have been ascertained at the time of the filing of the EEOC complaint through reasonable effort by the complainant; (2) whether the interests of a named party are so similar to the unnamed party's that it would be unnecessary to include the unnamed party in the EEOC proceedings for the

>purpose of obtaining voluntary conciliation and compliance; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Knowlton*, 189 F.3d at 1185 n.9.

Plaintiff and Defendant both provide factual allegations to the Court in an attempt to persuade the Court that a "clear identity of interest" exists or does not exist between DCB and Systems; however, these arguments go "to the weight of the evidence, not the feasibility or viability of the claim." *Ingle v. Dryer*, No. 07-cv-00428-LTB-CBS, 2008 WL 1744337, at *4 (D. Colo. Apr. 11, 2008) (evaluating leave to amend pursuant to Rule 15(a)). Considering the timeliness of Plaintiff's request, the establishment by both parties of at least a triable issue of potential liability, and the interests of justice, the Court finds Plaintiff meets the requirements of Rule 15(a).

Evaluating Plaintiff's motion pursuant to Rule 20(a) elicits no different result. Plaintiff states she worked "collectively for both DCB and Systems." (Docket #17 at 1.) Plaintiff contends DCB managed her employment relationship with Systems, even to the point she "received her paycheck for her work at Systems from DCB." (*Id*. at 6, 9.) Plaintiff represents that in her EEOC charge, she described how she worked 45-50 hours per week, and as DCB knew she spent a portion of her work at Systems, both companies had proper notice of the facts giving rise to her EEOC complaint. (*Id*. at 5.) Thus, the Court makes no leap in logic to conclude Plaintiff's claims against both DCB and Systems arose from the same "series of transactions or occurrences" and share common questions of law or fact, in compliance with Rule 20(a). The *MDM* factors support such determination as well. *See MDM Group Assocs., Inc.*, 2008 WL 2756926 at *4. The Court emphasizes to the parties, however, that although this Order allows the entry of Plaintiff's Amended Complaint as provided for by Rules 15 and 20, the Court makes no conclusive determination regarding the relationship

between DCB and Systems, nor does the Court preclude in any way the ability of Defendants to file dispositive motions.

**IV.     Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS Plaintiff's Motion for Leave to Amend Complaint and Jury Demand [filed March 27, 2009; docket #10] is **GRANTED**. The Clerk of Court is directed to enter Plaintiff's Amended Complaint and Jury Demand located at Docket #10-2.

Dated at Denver, Colorado, this 11th day of May, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge