UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 08-cv-02811-RPM-MEH

DEBRA ROMAN,

    Plaintiff,

v.

DENVER COMMERCIAL BUILDERS, INC.,
doing business as DCB CONSTRUCTION
COMPANY, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Debra Roman and Defendant Denver Commercial Builders, Inc., doing business as DCB Construction Company, Inc. (together, the "Parties") have stipulated to the terms of this Protective Order.

This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced pursuant to the terms of this Protective Order. Documents deemed to be "confidential" shall be so designated in accordance with this Protective Order. Similarly, all testimony that refers, reflects or otherwise discusses such information will be so designated.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

    1.    This Protective Order shall apply to all documents, materials and information, including, without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Proc. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff or Defendant and/or information contained in confidential business records, personnel records, documents, materials and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys who are actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

(e) the Court in this case and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g) deponents; and

(h) other persons by written agreement of the parties.

5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. Such written acknowledgment shall be in the form as provided in Exhibit A to this Stipulated Protective Order, attached hereto and incorporated herein. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.  The party producing documents containing confidential information shall designate such documents CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL."

7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information within thirty days of the designation. The written notice shall identify the information to which the objection is made and the specific basis for such objection. If the parties cannot resolve the objection within thirty (30) days after the time the notice is received, it shall be the obligation of the party objecting to

the designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the objecting party fails to file such a motion, the disputed information shall maintain its designation as CONFIDENTIAL and shall thereafter continue to be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party objecting to designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to not be treated as CONFIDENTIAL.

9. At the conclusion of this case (including all appeals), unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL within forty-five (45) days of conclusion of the action, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. Nothing herein shall affect or restrict the rights of any party with respect to the use or disclosure of its own documents or information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

12. This Order has been agreed to by the parties to facilitate discovery and the production and disclosures of information in this litigation. Neither the entry of this Order, the designation of any materials as "CONFIDENTIAL" or the failure to make such designation shall be construed as a concession by the disclosing party that such material or information is relevant or material to any issues of this litigation; operate as an admission that information marked "CONFIDENTIAL" is confidential, proprietary or a "trade secret"; or operate as an admission by any party that any particular information is or is not admissible in evidence.

13. Neither the signing of this Order nor the disclosure and designation of material as "CONFIDENTIAL" pursuant hereto shall be construed as a waiver of, or preclude any party from raising, any objection to discovery or asserting any and all privileges against disclosure otherwise available to such party under applicable law, including but not limited to, attorney-client privilege and work product.

14. Nothing within this Order shall preclude a party from designating materials as "CONFIDENTIAL" after production of a document or information that was inadvertently not designated as "CONFIDENTIAL," provided that written notice is provided to counsel for all parties specifying the document or information and corresponding designation.

15. If any party inadvertently discloses "CONFIDENTIAL" material to a person or persons other than those listed in paragraph 4, that party shall promptly notify the designating party of the disclosure and undertake all reasonable efforts to retrieve the designated material.

      16.    This Order is entered without prejudice to the right of any party upon motion to the Court in writing to seek additional protective treatment for, or object to the disclosure, production, or introduction into evidence of, any information or material that may become the subject of discovery, or to seek modification of this Order.

      17.    If the conditions of this Protective Order have been violated by any person, the Court will determine an appropriate remedy.

Stipulated and approved:

| | |
|---|---|
| *Original Signature on File at the Offices of Burg Simpson Eldredge Hersh & Jardine, P.C.* | *Original Signature on File at the Offices of Davis Graham & Stubbs LLP* |
| Dated:  May 18, 2009 | Dated:  May 18, 2009 |
| s/Rosemary Orsini | s/ Amy K. Hunt |
| Rosemary Orsini | Janet A. Savage |
| Brian K. Matise | Amy K. Hunt |
| Burg Simpson Eldredge Hersh & Jardine. P.C. | DAVIS GRAHAM & STUBBS LLP |
| 40 Inverness Drive East | 1550 Seventeenth Street, Suite 500 |
| Englewood, Colorado 80112 | Denver, Colorado 80202 |
| Telephone:  (303) 792-5595 | Telephone:  (303) 892-9400 |
| Facsimile:  (303) 708-0527 | Facsimile:   (303) 893-1379 |
| E-mail:  rorsini@burgsimpson.com       bmatise@burgsimpson.com | E-mail:   janet.savage@dgslaw.com       amy.hunt@dgslaw.com |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

IT IS SO ORDERED.

Dated at Denver, Colorado, this 22nd day of May, 2009.

    s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

7

# **EXHIBIT A:**

**WRITTEN ACKNOWLEDGMENT TO STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Protective Order in the pending litigation between Debra Roman and Denver Commercial Builders, Inc., doing business as DCB Construction Company, Inc.; that he/she is one of the persons contemplated in Paragraph 4 of the Stipulated Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order.

Date: _____          _____
                                        Signature

                                        _____
                                        Title or Position

                                        _____
                                        Printed Name